UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHARLYN TODD,<br><br>　　　　Defendant. | Case No. 2:24-cv-01642-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 14) |

　　　　Pending before the Court is Plaintiff's motion for default judgment pursuant to Federal Rules of Civil Procedure 55(b)(2). (ECF No. 14.) This motion was set for hearing for February 4, 2025. (ECF No. 16.) Defendant did not file a response to the motion, nor has she appeared in this case in any way. On January 31, 2025, the undersigned vacated the hearing, granted Defendant additional time to respond to the motion, and cautioned her that failure to respond may result in the imposition of a default judgment against her. (ECF No. 19.) When the time period for briefing was complete, the motion was taken under submission without argument pursuant to Local Rule 230(g). (*Id.*) For the reasons stated below, the Court recommends Plaintiff's motion for default judgment be GRANTED, and that judgment be entered in favor of Plaintiff.

/ / /

/ / /

1

I. BACKGROUND

    A. Factual Background

Plaintiff National Labor Relations Board ("Board") commenced this action with an application for enforcement of a subpoena ad testificandum requiring Defendant Todd to appear before an Administrative Law Judge of the Board to testify in a May 21, 2024 hearing in Woodland, California. Appl. at 5 (ECF No. 1-2) & Exh. 1. After Defendant did not appear at the hearing or respond to messages requesting her attendance, Plaintiff applied to this Court to enforce the subpoena under the National Labor Relations Act ("Act"), 29 U.S.C. § 151 et al. Appl. at 5, 8.

The underlying labor proceeding pending before the Board is *EZ Care dba Brightstar Care South Sacramento, Akaza LLC dba EZ Transportation, and Nixon Administration LLC as a Single Employer*, Case No. 20-CA-327874. It involves an unfair labor practice charge filed on October 12, 2024 by Ernest Gibson, alleging that EZ Care unlawfully discharged him to discourage its employees' union activities. Appl. at 5 & Exh. 3; *see* 29 U.S.C. § 158(a)(1) and (3). After a Board official investigated Gibson's charge and concluded it had merit, the Board issued and served a complaint and notice of hearing upon EZ Care. Appl. at 6 & Exh. 4. The complaint alleged that EZ Care discharged Gibson because he "engaged in concerted activities with other employees for the purposes of mutual aid and protection by talking to other employees about his decision to go to the Labor Board and figure out how to start a union at Respondent's facility" in violation of Sections 8(a)(1), (3), and (4) of the Act. Appl., Exh. 4; *see* 29 U.S.C. § 158(a).

To make a prima facie showing that EZ Care discharged Gibson because of protected union activities, the General Counsel of the Board[1] must adduce evidence of the following: (1) union or other protected activity by the employee, (2) employer

---

[1] Pursuant to 29 U.S.C. § 153(d), the General Counsel of the Board and the General Counsel's authorized agents have the final authority, on behalf of the Board, to investigate unfair labor practice charges and issue complaints under the Act.

knowledge of that activity, and (3) anti-union animus, or animus against protected activity, on the part of the employer. *Intertape Polymer Corp.*, 372 NLRB 133 (2023) (citing *Wright Line*, 251 NLRB 1083 (1980)). This is known as the *Wright Line* test.

During the investigation phase of the *EZ Care* matter, Defendant Todd complied with a subpoena ad testificandum and provided the Board's investigator with a sworn affidavit pertaining to the *Wright Line* element of employer knowledge. Appl. at 7 & Exh. 8. In a declaration in support of the application, the Board attorney handling the case stated that Defendant's testimony was "[e]ssential to the [Board] Regional Director's finding of merit" and constituted evidence of "an essential element in proving that Gibson's discharge was discriminatorily motivated, at least in part, by his protected activities." Appl., Exh. 7 (Peterson Decl.) at ¶ 5.

One month before the May 21, 2024 hearing, the Board attorney emailed Defendant asking her to voluntarily appear and testify. *Id*. When she did not respond, the Board issued and served a subpoena for her testimony. *Id.*, ¶ 6. According to postal records, the subpoena was delivered to an individual at Defendant's address on April 29, 2024. *Id*. The hearing commenced as scheduled, and Defendant did not appear. *Id.*, ¶ 8. Based on her failure to appear, the presiding Administrative Law Judge granted the Board's motion to recess the case indefinitely pending the Board's application to enforce the subpoena. *Id.*, ¶ 9. As of June 7, 2024, Defendant had failed to respond to the subpoena, impeding the Board's ability to litigate the alleged unfair labor practices against Gibson. *Id.*, ¶¶ 11, 12.

### B. Procedural Background

Plaintiff filed the application on June 10, 2024 seeking an order requiring Defendant to appear "at such a time and place as [the Board] may designate" and give sworn testimony and answer questions material to the documents set forth in the April 26, 2024 subpoena. *See* ECF No. 1-4 (proposed order).

The docket reflects that the summons was returned executed on Defendant at her last known address on July 3, 2024. (ECF No. 5.)

3

On September 3, 2024, the Clerk entered default as to Defendant. (ECF No. 12.)

On December 18, 2024, Plaintiff moved for default judgment against Defendant. (ECF No.14.) On January 22, 2025, the undersigned ordered Plaintiff to file a proof or service or a status report as to why service had not been completed, including efforts made to serve Defendant. (ECF No. 17.) After Plaintiff filed a status report (ECF No. 18), the undersigned determined that "[p]laintiff has confirmed Defendant was served with the motion." (ECF No. 19.) The Court vacated the hearing on the motion set for February 4, 2025 and provided Defendant "one additional, final opportunity to respond to the motion." (*Id.* at 1.) After the time period for briefing ended with no response from Defendant, Plaintiff's motion for default judgment was submitted on the papers. (*Id.* at 2.)

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

1. the possibility of prejudice to the plaintiff;
2. the merits of the substantive claim(s);
3. the sufficiency of the complaint;
4. the amount of money at stake in the lawsuit;
5. whether there are any disputes of material fact;
6. whether the defendant's default was due to excusable neglect; and
7. the strong policy favoring decisions on the merits.

4

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible." *Id*. at 1472.

Once a default is entered, all well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default, and the plaintiff bears the burden to prove damages with evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

## III.   DISCUSSION

Plaintiff moves for default judgment seeking an order requiring obedience to Subpoena Ad Testificandum A-1-1LECIRX, such that Defendant must

> appear before a Board agent designated by the Regional Director of Region 20 of the Board at such time and place as said Regional Director may designate and then and there produce documents and give sworn testimony and answer any and all questions relevant and material to the documents set forth in Subpoena Ad Testificandum A-1-1LECIRX that the board issued on April 26[, 2024].

(ECF No. 1-4 at 2.)

### A.   Jurisdiction and Service

As a preliminary matter, a court considering whether to enter default judgment must first determine whether it has jurisdiction over both the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

The Act authorizes the Board to subpoena documents related "to any matter under investigation or in question." 29 U.S.C. § 161(1) (2018). Section 11(1) "permits the Board to subp[o]ena records containing information necessary or helpful to carrying out its statutory duties at the investigative, as well as at the hearing stage of its proceedings." *N.L.R.B. v. British Auto Parts, Inc.*, 266 F. Supp. 368, 372 (C.D. Cal. 1967), aff'd, 405 F.2d 1182 (9th Cir. 1968).

If a subject fails to obey such a subpoena, the Board may apply to the district court for aid in compelling the production of the documents sought. *Id.*; 29 U.S.C. § 161(2) (2018). Section 11(2) of the Act states,

> In case of contumacy refusal to obey a subp[o]ena issued to any persons, any district court of the United States ... within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

29 U.S.C. § 161(2). Here, Defendant resides in Sacramento, California. (ECF Nos. 1-3, 18.) The Court has jurisdiction over the subject matter and the parties to this action.

### B.   *Eitel* Factors

For the following reasons, the Court finds that the *Eitel* factors weigh in favor of granting default judgment against Defendant.

#### 1.   Factor One: The Possibility of Prejudice to the Plaintiff

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment were not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. *See PepsiCo,* 238 F. Supp. 2d at 1177. Here, the Clerk of Court entered default against Defendant on September 3, 2024 (ECF No. 12), and Defendant has not participated in the litigation despite being served with the Application,

default judgment motion, and the Court's January 31, 2015 order. *See* Docket. Plaintiff would suffer prejudice if the Court did not enter a default judgment because it would be without recourse for recovery. Accordingly, the first *Eitel* factor favors the entry of default judgment.

### 2. Factors Two and Three: The Merits of the Claims and the Sufficiency of the Complaint

The merits of Plaintiff's substantive claims and the sufficiency of the Complaint are considered together due to the relatedness of the two inquiries. The Court must consider whether the allegations in the Complaint are sufficient to state a claim that supports the relief sought. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. Here, the merits of the claims and the sufficiency of the Application favor entry of default judgment.

"The scope of [a district court's] inquiry in an agency subpoena enforcement proceeding is narrow." *N.L.R.B. v. North Bay Plumbing, Inc.*, 102 F.3d 1005, 1007 (9th Cir. 1996). The court is limited to reviewing only "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *Id.* If that test is met, then the subpoena must be enforced unless the responding party can prove that the inquiry is unreasonable because it is unduly burdensome or overly broad. *Id.* at 1007; *see also N.L.R.B. v. International Medication Systems*, 640 F.2d 1110, 1114 (9th Cir. 1981) ("[I]f the investigation is legitimate, the subpoenas is not needlessly broad, and the records sought are relevant to the inquiry," the subpoena should be enforced.), cert. denied 455 U.S. 1017 (1982).

As to the first factor, Congress has granted the NLRB broad investigatory powers, such that "[t]he Board may issue subpoenas requiring both the production of evidence and testimony during the investigatory stages of an unfair labor practice proceeding." *N.L.R.B. v. North Bay*, 102 F.3d at 1008. The subpoena here was issued in the course of the Board's investigation of Board Case No. 20-CA-327874, under the prosecutorial

authority granted to the Board to enable to it to prevent or remedy unfair labor practices under the Act. *See* 29 U.S.C. § 161(1).

Second, the procedural requirements have been followed. Board subpoenas may be served by certified mail, and the return post office receipt serves as proof of service. 29 U.S.C. § 161(4). Here, the appropriate Board official duly served the subpoena on Defendant by delivering it via certified mail addressed to Defendant's home, as confirmed by postal records. Appl., Exh. 2.

As to the third factor, Defendant's evidence is relevant and material to the investigation into alleged unfair labor practices against Gibson. Prior to the Board hearing at which she was subpoenaed to testify, Defendant's statements concerned a key element of Gibson's claim that he was terminated for engaging in protected activities. The Court therefore finds the second and third *Eitel* factors favor the entry of default judgment.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendant's conduct. *PepsiCo,* 238 F. Supp. 2d at 1176. Here, Plaintiff seeks injunctive relief only. No money damages are sought. Accordingly, the fourth *Eitel* factor favors the entry of default judgment.

### 4. Factor Five: The Possibility of Dispute Concerning Material Facts

The facts of this case are straightforward, and Plaintiff has provided the Court with well-pleaded allegations and documentation supporting its claims. Here, the Court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, and thus, there is no likelihood that any genuine issue of material fact exists. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500; *PepsiCo*, 238 F. Supp. 2d at 1177. Accordingly, the fifth *Eitel* factor

favors the entry of default judgment.

          5.      <u>Factor Six: Whether Default was Due to Excusable Neglect</u>

Upon review of the record before the Court, there is no indication that the default was the result of excusable neglect. *See PepsiCo*, 238 F. Supp. 2d at 1177. Plaintiff served Defendant with the summons and the Application. (ECF Nos. 4 & 5.) Plaintiff also served Defendant with notice of its motion for default judgment. (ECF Nos. 18 & 19.) Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Defendant has failed to participate in this action or to defend herself. Accordingly, the sixth *Eitel* factor favors the entry of default judgment.

          6.      <u>Factor Seven: The Strong Policy Favoring Decisions on the Merits</u>

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Although the Court is cognizant of the policy favoring decisions on the merits, that policy does not, by itself, preclude the entry of default judgment where a defendant fails to appear or defend itself in an action. *See PepsiCo,* 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).

          7.      <u>Conclusion</u>

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to the entry of default judgment against Defendants. The Court next determines the terms of judgment.

**C.**    **Terms of Judgment**

Plaintiff seeks injunctive relief only. (ECF No. 1-4.) The Court determines this relief is appropriate.

**IV.**    **CONCLUSION**

For the reasons set forth above, it is HEREBY ORDERED that the Clerk of Court assign a district judge to this action.

/ / /

/ / /

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 14) be GRANTED;
2. The court issue a finding that Defendant must appear before a Board agent designated by the Board Regional Director of Region 20 at such time and place as said Regional Director may designate; then and there produce documents; and give sworn testimony and answer any and all questions relevant and material to the documents set forth in Subpoena Ad Testificandum A-1-1LECIRX that the board issued on April 26, 2024; and
3. The Clerk of the Court close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 11, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6/nlrb1642.default.grant.f&r